UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
FORT PIERCE DIVISION

**KATHLEEN SHORT,**

    **Plaintiff,**

v.                                                                           CASE NO.: _____

**UBER TECHNOLOGIES, INC.,**

    **Defendant.**

_____/

**COMPLAINT AND DEMAND FOR JURY TRIAL**

Plaintiff, Kathleen Short, ("Plaintiff"), by and through the undersigned counsel, on behalf of herself and on behalf of all others similarly situated, brings this Complaint against Defendant, Uber Technologies, Inc., ("Defendant" or "Uber"), and in support of her claims states as follows:

**PRELIMINARY STATEMENT**

1. This Complaint is filed as a collective action under 29 U.S.C. § 216(b), and as a class action under Federal Rule of Civil Procedure 23(b)(1), and is brought by and on behalf of persons who are or have been at some time employed during the applicable limitations period as drivers for Uber Technologies, Inc., a Delaware Corporation with its principal place of business in California, in the business of providing taxi or transportation services to the general public.

2. This is a collective action and a class action which challenges Uber's uniform policy of willfully misclassifying its drivers as independent contractors when, in fact, each such driver is and/or was an employee of Uber.

3. As a result of Uber's unlawful misclassification of its drivers as independent contractors, Uber has uniformly violated the requirements of the Fair Labor Standards Act, as

amended ("FLSA," 29 U.S.C. § 201 *et seq.*) and the Florida Minimum Wage Act ("FMWA" Fla. Stat. § 44.) by failing to pay its Drivers at least the minimum wage required by Federal and Florida law for every hour worked.

## PARTIES

4. Plaintiff is a resident of Brevard County, Florida. Between March 2018 and May 2020, Plaintiff worked for Uber as a driver in Sebastian, Florida.

5. Defendant Uber is a corporation, organized under the laws of the state of Delaware, which is licensed to conduct business in the state of Florida, and which does conduct substantial business on a regular and continuous basis in Florida. Uber's principal place of business is in San Francisco, California.

## JURISDICTION AND VENUE

6. This Court has federal question jurisdiction over Plaintiff's FLSA claims pursuant to 28 U.S.C. § 1331.

7. Venue is proper in the United States District Court, Southern District of Florida, pursuant to 28 U.S.C. § 1391. Plaintiff resides in Micco, Florida, worked for Defendant in St. Sebastian, Florida, and her claims arose, in substantial part, in Sebastian, Florida. Defendant regularly conducts business in Sebastian, Florida and is thus subject to personal jurisdiction in this district.

## ALLEGATIONS REGARDING DEFENDANT'S BUSINESS PRACTICES

8. Defendant Uber is a transportation or taxi business. Through a mobile phone software application, Uber connects local travelers who seek transportation via automobile with local drivers, like Plaintiff, who have been screened, trained, controlled, and are paid by Uber.

9. All Uber drivers must abide by all of Uber's uniform rules, regulations, and policies.

10. Uber operates much like a taxi cab service. Customers who wish to pay for local transportation via automobile log on to a mobile phone application and enter information regarding, among other things, where they wish to be picked up and where they wish to be dropped off. Then, through its software application, Uber sends each customer's information to a local Uber driver.

11. The Uber driver, with easily identifiable decals provided by Uber which, pursuant to Uber's uniform rules, must be affixed to the front and back windows of every driver's vehicle, then picks up the customer and transports the customer to the desired destination.

12. Each Uber customer pays for the service by paying Uber directly via credit card based on an amount calculated solely by Uber and based on the miles driven and the amount of time it took to reach the destination, plus any gratuity which the customer wishes to give to the driver.

13. All payments from the customer, including gratuities, must be paid by the customer directly to Uber. Uber rules do not permit its drivers to accept any type of payment from its customers. Instead, Uber pays each of its drivers a portion of the amount received from the customer (i.e., a portion of the charge for the service and a portion of any gratuity), as determined solely by Uber.

14. In an effort to avoid providing its drivers with the minimum benefits and protections afforded employees under the FLSA and Florida law, Uber has willfully, uniformly, and unilaterally classified each and every one of its drivers as independent contractors, rather than

employees, despite the fact that the factual circumstances of the relationship between Uber and its drivers clearly demonstrate that Uber drivers are in fact employees of the company.

15. Under the FLSA and Florida law, Uber drivers should be considered employees for, among others, the following reasons:

   a. Uber retains the right to control, and in fact does control, the manner and means by which all Uber drivers accomplish their work;

   b. Uber retains the right to hire and fire drivers in its sole discretion;

   c. Uber retains the right to terminate the Uber "Platform" and the Uber application, or to block drivers from using the Platform and/or application, which effectively gives Uber the ability to prevent its drivers from picking up Riders, working, and earning an income;

   d. Uber takes a 20% "administration fee" from each driver's gratuities left by the customer for the driver;

   e. Drivers do not engage in business distinct from that of Uber;

   f. Uber requires that each driver place a large pink mustache on the front of their car while transporting a Rider to identify the driver's car as a Uber vehicle;

   g. Uber sets all rates of pay for its drivers and prohibits its drivers from setting rates of pay for their services;

   h. Uber requires its drivers to consent to receiving emails and text messages from Uber, all of which the drivers are required to pay for receiving at the rate charged by their mobile phone service providers, including without limitation, notification emails, emails or text messages informing drivers about potential available Riders, and emails or text messages regarding Uber promotions which drivers are required to abide by;

i. Uber unilaterally and in its sole discretion requires each driver to accept any and all discount promotion offers to customers;

j. Uber requires each driver to engage in a two hour training session before being permitted to work as a Uber driver, including the viewing of training videos, which, inter alia, instructs drivers regarding Uber's requirements for how they are to interact with Riders;

k. Uber requires that each driver ensure that his or her vehicle comply with Uber's requirements for appearance and cleanliness;

l. Uber retains the right to discipline its drivers in its sole discretion;

m. Uber limits the geographical locations in which its drivers are permitted to work, and restricts its drivers' ability to transport customers more than 60 miles;

n. Uber advertises that its drivers receive an hourly rate of pay;

o. Uber restricts its drivers ability to work and earn income by only permitting them to work certain hours each day;

p. Uber prohibits its drivers from hiring other employees to assist them; and,

q. Uber requires its drivers to respond to and accept all customer ride requests unless they are transporting another customer at the time.

16. As a result of Uber's uniform misclassification of its drivers as independent contractors, Uber does not pay its drivers a minimum wage for each hour, or portion thereof, that they work. Instead, Uber pays its drivers using a formula, derived and determined solely by Uber, based on and related in some way to the amount Uber receives from its customers. The consequences of this practice are, without limitation, that Uber drivers: (1) are not paid for all of

the hours that they actually work; and (2) are not paid at least the minimum wage required by Federal law for each hour worked.

17. Further, Defendant denied riders the ability to see what riders paid in total and how the compensation for the ride was determined. Compensation is determined, and was visible, solely by Uber.

## COLLECTIVE ACTION ALLEGATIONS

18. Plaintiff brings this action on behalf of herself and on behalf of all other persons similarly situated (the "Class"), namely drivers who, at any time during the period from June 18, 2012, to the present (the "Class Period"), have worked, or currently work, as a driver for Uber.

19. Plaintiff is and has been a member of the proposed Class described herein.

20. The number of persons in the proposed Class herein is so numerous that joinder of all such persons would be impracticable. While the exact number and identities of all such persons are unknown to Plaintiff at this time and can only be obtained through appropriate discovery, Plaintiff is informed and believes, and on that basis alleges, that the proposed Class herein includes over 1,000 persons.

21. Disposition of Plaintiff's claims in a collective action will benefit all parties and the Court.

22. There is a well-defined community of interest presented by the proposed Class herein in that, among other things, each member of the proposed Class has an interest in receiving the minimum compensation required by the FLSA for the hours they have worked for Defendant, obtaining other appropriate legal relief for the harm of which Plaintiff complains, and obtaining other adequate compensation for the common damages which Plaintiff and all other persons similarly situated have suffered as a result of Defendant's actions.

23. Each Class Member herein has performed labor for Defendant at Defendant's request at some time during the Class Period for which they have not been properly compensated, in that they have not received the minimum compensation required by the FLSA.

24. A collective action in this case is superior to any other available method for the fair and efficient adjudication of the claims presented herein.

25. The prosecution of separate actions by individual members of the proposed Class herein would create a risk of inconsistent and/or varying adjudications with respect to individual members of the proposed Class which would or may establish incompatible standards of conduct for Defendant and which would also create a risk of adjudications with respect to individual members of the proposed Class herein which would, as a practical matter, be dispositive of the interests of other members of the proposed Class not parties to the particular individual adjudications, and/or would or may substantially impede or impair the ability of those other members to protect their interests.

26. Common questions of law and fact exist in this case with respect to the proposed Class which predominate over any questions affecting only individual members of the Class and which do not vary between members thereof.

27. At some time during the Class Period, all of the individuals in the proposed Class herein have been employed by Defendant as drivers and have been unlawfully subjected to a uniform and consistent set of employment practices, as described more fully herein.

28. All members of the proposed Class herein have worked hours during the Class Period, but have been deprived of their legal rights, guaranteed by the FLSA, to be paid a minimum wage for such hours.

29. The common questions of fact involved in this case include, without limitation, whether each member of the proposed Class herein have worked hours during the Class Period for which they have not been paid at least the minimum wage required by Federal law.

30. The common questions of law involved in this case include, without limitation: (1) whether Class Members performed labor for Defendant as employees or as independent contractors; (2) whether Defendant has violated the FLSA by failing to pay its driver employees at least the legally required minimum wage for each and every hour worked; and, (3) whether Plaintiff and those other persons similarly situated are entitled to general and/or special damages as a result of any of the legal violations complained of herein, and the nature of such damages.

31. The claims of the named Plaintiff in this case are typical of those of the other Class Members which she seeks to represent, in that, among other things, Plaintiff and each other Class Member have sustained damages and are facing irreparable harm because of, and arising out of, a common course of conduct engaged in by Defendant as complained of herein.

32. The claims of the named Plaintiff herein are coincident with, and not antagonistic to, the claims of other Class Members which the named Plaintiff seeks to represent.

33. The named Plaintiff herein will fairly and adequately represent and protect the interests of the members of the proposed Class which she seeks to represent. Plaintiff does not have any interests which are antagonistic to the interests of the proposed Class herein.

34. Counsel for Plaintiff herein are experienced, qualified and generally able to conduct complex collective action legislation.

35. By virtue of Defendant's unlawful failure to pay Class Members the minimum compensation required by Federal law, Defendant has received substantial sums of money, and

has realized profits from the unpaid labor of literally thousands of employees during the applicable limitations period.

36. At all times relevant hereto, the FLSA was, and continue to be, in full force and effect, and the Defendant herein was, and continues to be, bound thereby.

37. The relief sought in this action is necessary to restore to members of the proposed Class the money and property which Defendant has illegally acquired through the unlawful treatment of each Class Member as described herein.

## FIRST CLAIM FOR RELIEF
### Failure to Pay Minimum Wage in Violation of FLSA

38. Plaintiff re-alleges and incorporates by reference, as though fully set forth herein, paragraphs 1 through 37 of this Complaint

39. Defendant is the employer of Plaintiff.

40. Defendant willfully and uniformly misclassified Plaintiff and the class of Drivers as an independent contractor when in fact she was and/or is an employee of UBER.

41. The FLSA provides that any employee who receives less than the legal minimum wage applicable to the employee is entitled to recover in a civil action the difference between what the employee was paid and the amount the employee should have been paid, known as back pay, and an equal amount as liquidated damages, plus attorney's fees and court costs.

42. The FLSA provides that the applicable minimum wage that an employee is entitled to is the higher of the Federal minimum wage and the applicable State minimum wage.

43. Defendant has failed to pay Plaintiff and the class of Drivers at least the legally required minimum wage for some portion of the hours that each such person worked as a driver for UBER during the preceding three years.

44. Defendant's failure to pay Plaintiff and the class of Drivers at least the minimum wages, as required by law, violates the provisions of the FLSA.

45. By virtue of Defendant's unlawful failure to pay minimum wages to Plaintiff and the class of Drivers, they have suffered, and continue to suffer, damages in amounts which are presently unknown to Plaintiff but which will be ascertained according to proof at trial.

46. Pursuant to the FLSA, Plaintiff and the Class of Drivers are entitled to recover from Defendant the full balance of any and all unpaid minimum wages, plus attorney's fees and court costs.

**WHEREFORE,** Plaintiff and all similarly situated persons who join this collective action demand as follows:

A. Designation of this action as a collective action on behalf of the Plaintiff and the prospective Class that she seeks to represent;

B. Prompt issuance of notice pursuant to 29 U.S.C § 216(b) to all similarly situated members of the Class, apprising them of the pendency of this action and permitting them to assert timely claims in this action by filing individual consent to sue forms pursuant to 29 U.S.C. § 216(b);

C. Equitable tolling of the statute of limitations from the date of the filing of this Complaint until the expiration of the deadline for filing consent to sue forms under 29 U.S.C. § 216(b);

D. Leave to add additional Plaintiffs by motion, the filing of written consent forms, or any other method approved by this Court.

E. Judgment against Defendant for an amount equal to Plaintiff's and the Class' unpaid back wages at the applicable statutory minimum wage;

F. Judgment against Defendant stating that Defendant's violations of the FLSA were willful;

G. An amount equal to the Plaintiff's minimum wage damages as liquidated damages;

H. To the extent that liquidated damages are not awarded, an award of prejudgment interest;

I. A declaration that Defendant's practices as to Plaintiff and the Class were unlawful, and grant Plaintiff and the Class equitable relief;

J. All costs and attorney's fees incurred in prosecuting these claims; and,

K. For such further relief as this Court deems just and equitable.

## CLASS ACTION ALLEGATIONS

47. Plaintiff asserts her Rule 23 class claims on behalf of a Putative Class defined as follows:

**All persons employed by UBER as drivers in Florida within four years of the filing of this complaint through the date of final judgment in this action.**

48. Plaintiff is and has been a member of the Putative Class described herein.

49. The number of persons in the Putative Class herein is so numerous that joinder of all such persons would be impracticable. While the exact number and identities of all such persons are unknown to Plaintiff at this time and can only be obtained through appropriate discovery, Plaintiff is informed and believes, and on that basis alleges, that the Putative Class herein includes over 1,000 persons.

50. Disposition of Plaintiff's claims in a class action will benefit all parties and the Court.

51. There is a well-defined community of interest presented by the Putative Class herein in that, among other things, each member of the Putative Class has an interest in being classified as an employee rather than an independent contractor, obtaining other appropriate legal relief for the harm of which Plaintiff complains, and obtaining other adequate compensation for the common damages which Plaintiff and all other persons similarly situated have suffered as a result of Defendant's actions.

52. Each Class Member herein has performed labor for Defendant at Defendant's request at some time during the Class Period, while the Class was unlawfully misclassified as independent contractors.

53. A class action in this case is superior to any other available method for the fair and efficient adjudication of the claims presented herein.

54. The prosecution of separate actions by individual members of the Putative Class herein would create a risk of inconsistent and/or varying adjudications with respect to individual members of the Putative Class which would or may establish incompatible standards of conduct for Defendant and which would also create a risk of adjudications with respect to individual members of the Putative Class herein which would, as a practical matter, be dispositive of the interests of other members of the Putative Class not parties to the particular individual adjudications, and/or would or may substantially impede or impair the ability of those other members to protect their interests.

55. Common questions of law and fact exist in this case with respect to the Putative Class which predominate over any questions affecting only individual members of the Class and which do not vary between members thereof.

56. At some time during the Class Period, all of the individuals in the Putative Class herein have been employed by Defendant as drivers and have been unlawfully subjected to a uniform and consistent set of compensation, as described more fully herein.

57. The common questions of fact involved in this case include, without limitation, whether each member of the proposed Class herein have worked hours during the Class Period for which they have not been paid at least the minimum wage required by Florida law.

58. The common questions of law involved in this case include, without limitation: (1) whether Class Members performed labor for Defendant as employees or as independent contractors; (2) whether Defendant has violated Section 24, Article X of the Florida Constitution as well as Florida Statute § 448.110 by failing to pay its driver employees at least the legally required minimum wage for each and every hour worked; and, (3) whether Plaintiff and those other persons similarly situated are entitled to general and/or special damages as a result of any of the legal violations complained of herein, and the nature of such damages.

59. The claims of the named Plaintiff in this case are typical of those of the other Class Members which she seeks to represent, in that, among other things, Plaintiff and each other Class Member have sustained damages and are facing irreparable harm because of, and arising out of, a common course of conduct engaged in by Defendant as complained of herein.

60. The claims of the named Plaintiff herein are coincident with, and not antagonistic to, the claims of other Class Members which the named Plaintiff seeks to represent.

61. The named Plaintiff herein will fairly and adequately represent and protect the interests of the members of the Putative Class which she seeks to represent. Plaintiff does not have any interests which are antagonistic to the interests of the Putative Class herein.

62. Counsel for Plaintiff herein are experienced, qualified and generally able to conduct complex class action legislation.

63. At all times relevant hereto, Section 24, Article X of the Florida Constitution as well as Florida Statute § 448.110 were, and continue to be, in full force and effect, and the Defendant herein was, and continues to be, bound thereby.

64. The relief sought in this action is necessary to restore to members of the Putative Class the money and property which Defendant has illegally acquired through the unlawful treatment of each Class Member as described herein.

65. Plaintiff intends to send notice to all members of the Putative Class to the extent required by Fed. R. Civ. P. 23. The names and addresses of the Putative Class members are available from Defendant's records.

## SECOND CLAIM FOR RELIEF (AS TO CLASS ACTION)

### Violations of Florida Minimum Wage Act (FMWA)

66. Plaintiff re-alleges and incorporates by reference, as though fully set forth herein, paragraphs 1-17 and 47-65 of this Complaint.

67. Plaintiff and the Class of Drivers has exhausted all of her administrative and pre-suit requirements under Fla. Stat. § 448.110. Specifically, Plaintiff and the Class of Drivers have notified Defendants of the deficiency in her wages in writing. In this written notice, Plaintiff identified the applicable State minimum wage at issue, provided actual dates and hours or accurate estimates of all of the periods for which minimum wage payment is sought, and listed the total amount of her alleged unpaid wages through the date of the notice.

68. During the statutory period, Defendants did not pay Plaintiff and the Class of Drivers the applicable Florida minimum wage, as Defendants was required to do under Section 24, Article X of the Florida Constitution as well as the FMWA.

69. As a result of the foregoing, Plaintiff has suffered damages.

**WHEREFORE,** Plaintiff and all similarly situated persons who join this collective action demand as follows:

A. Designation of this action as a class on behalf of the Plaintiff and the prospective Class that she seeks to represent;

B. Judgment against Defendant for an amount equal to Plaintiff's and the Class' unpaid back wages at the applicable Florida minimum wage for the class period;

C. Judgment against Defendant stating that Defendant's violations of the Section 24, Article X of the Florida Constitution as well as the FMWA were willful;

D. An amount equal to the Plaintiff's minimum wage damages as liquidated damages;

E. To the extent that liquidated damages are not awarded, an award of prejudgment interest;

F. A declaration that Defendant's practices as to Plaintiff and the Class were unlawful, and grant Plaintiff and the Class equitable relief;

G. All costs and attorney's fees incurred in prosecuting these claims; and,

H. For such further relief as this Court deems just and equitable.

## JURY TRIAL DEMAND

Plaintiff demands trial by jury as to all issues so triable.

Dated this 3rd day of February, 2020.

*/s/ Brandon J. Hill*
**BRANDON J. HILL**
Florida Bar Number: 0037061
**AMANDA E. HEYSTEK**
Florida Bar Number: 0285020
**WENZEL FENTON CABASSA, P.A.**
1110 N. Florida Avenue, Suite 300
Tampa, Florida 33602
Main Number: 813-224-0431
Direct Dial: 813-337-7992
Facsimile: 813-229-8712
Email: bhill@wfclaw.com
Email: aheystek@wfclaw.com
Email: gnichols@wfclaw.com
**Attorneys for Plaintiff**